UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================================ Docket No.: 17-cv-6555
DAVID ABRAMS,

        Plaintiff,

-against-                       **DECLARATION**

PAYAM INC., d/b/a COLBEH RESTAURANT,

        Defendant.
================================================

I declare, under penalty of perjury that the foregoing is true and correct:

1. My name is Mohamed Lahlou but everyone knows me as Simon, which is my nickname.

2. I am currently employed by Payam Inc., d/b/a Colbeh Restaurant, as a Maitre D' in the restaurant located at 32 West 39th St, New York, NY 10018.

3. I have worked for Colbeh Restaurant in the 39th street location for approximately 22 years, except for a brief period last year, between May 2016-mid December 2016.

4. In May 2016 David Abrams was hired to work in Colbeh Restaurant in the same location as me.

5. I do not know what his exact job title was but he told me he was going to assist me in managing the restaurant.

6. He started making changes within the restaurant that included changing the locks to my office, which is where I keep sales from certain parties or events for safekeeping late at nigh.

7. Colbeh restaurant is a strictly kosher restaurant that serves Persian cuisine and he tried to make controversial changes to the menu, such as introducing tacos, which understandably upset our long-standing clientele. He also tried to bring in non-kosher food, which could have caused us to lose our certification.

1

8. A few days after David Abrams started working at Colbeh Restaurant, he wrongly accused me of theft and then fired me, even though he had changed the locks to my office, and I could not have possibly stolen the money that was locked in my office.

9. Mr. Pejman Toobian, owner of Colbeh Restaurant was not aware that David Abrams had changed the locks.

10. After my employment was terminated, I searched for attorneys on Google and that is how I found the Harman Firm LLP. I went for an initial meeting in September 2016 and they made me sign a retainer.

11. I told them how David Abrams fired me after I had worked for Colbeh Restaurant for 22 years and that he had not given me my last paycheck.

12. I also discussed other factors pertaining to my employment, including but not limited to my personal equation with Mr. Pejman Toobian, my job duties, which include doing the accounting for the restaurant. I also confided how much I make in tips, what we collect in sales from credit cards and disclosed all the documents in my possession, such as copies of my paychecks.

13. The attorney advised me that I could not sue David Abrams since he is not my employer so I had to sue Colbeh restaurant and Pejman Toobian.

14. I specifically told them not to start the lawsuit because I was not sure I wanted to sue Pejman Toobian since he was like family to me.

15. Nevertheless the Harman Firm started the suit and I was very upset when I found out.

16. When Harman Firm sent the summons and complaint to the restaurant, David Abrams opened it, because he was the manager and opening the mail that came to our restaurant is on the of job duties. I believe that is how he knew about the Harman Firm and went to them.

17. I know this because in December 2016 I went back to the Harman Firm and met with Walker Harman Jr., who mentioned that David Abrams was going to join in my suit as they wanted to do a class action. When I learnt that I told him that David Abrams had wrongly accused me of theft and fired me therefore I was going to take my case back from the firm because we could not be plaintiffs in the same case.

18. The attorney offered me $10,000.00 to continue the case because it was profitable to have more than one plaintiff but I said no.

19. I have only been to the firm twice and other than that they never sent me any communication regarding my case.

20. I was surprised to learn that they told the Court that they could not find me and that I was uncooperative, which is why the case was eventually dismissed.

21. If they had contacted me, I would have responded promptly because I had previously told them I did not want to pursue my lawsuit.

22. I was rehired at Colbeh in December of 2016, shortly after my second meeting at the Harman Firm.

23. The Harman Firm never contacted me to let me know that they were representing David Abrams and to ask for my consent, in writing, before proceeding with their representation.

24. Had they contacted me I would have denied giving consent because I do not want them to ever share what I told them in confidence with David Abrams.

Dated: 10/25/2017.

_____
Mohamed Lahlou (Simon)