**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------×

DAVID ABRAMS,

    *Plaintiff,*

                                    **17 CV 6555 (JPO)**

    *v.*

PAYAM INC., d/b/a COLBEH RESTAURANT,

    *Defendant.*

------------------------------------------------------------------------×

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR DISQUALIFICATION

                                                  Walker G. Harman, Jr.
                                                Owen H. Laird
                                                THE HARMAN FIRM, LLP
                                                220 Fifth Avenue, Suite 900
                                                New York, NY 10001
                                                212.425.2600
                                                wharman@theharmanfirm.com
                                                olaird@theharmanfirm.com

                                                *Attorneys for Plaintiff*

Plaintiff David Abrams commenced this action against Defendant Payam Inc. d/b/a Colbeh Restaurant ("Payam") for violating the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") and New York Labor Law ("NYLL") and for breach of contract. Payam now moves, in lieu of answering the Complaint, to disqualify Plaintiff's counsel, The Harman Firm, LLP (the "Firm".) For the reasons below, this court should dismiss Defendant's motion with costs under 28 U.S.C. § 1927 or other provisions appropriate in the Court's judgement.

## **PRELIMINARY STATEMENT**

Defendant's motion is based entirely on Plaintiff's counsel's prior representation of Mohammed "Simon" Lahlou in a separate action against Defendant Payam. Payam terminated Mr. Lahlou, who then retained Plaintiff's counsel to represent him against Defendant. Payam now argues that the Firm's representation of Mr. Abrams—in light of the prior attorney-client relationship between Mr. Lahlou and the Firm—violates Rule 1.9 of the New York Rules of Professional Conduct ("Rule 1.9") and creates a conflict of interest.

Defendant's arguments fail because Defendant cannot show (i) that the instant action is against the interests of Mr. Lahlou, thereby foreclosing any possibility of a violation of Rule 1.9, and (ii) that a prior attorney-client relationship exists between Payam and Plaintiff's counsel, without which there can be no conflict of interest. As such, Plaintiff's counsel should not be dismissed from this action.

Further, the sworn declaration of Mr. Lahlou is rife with objective untruths that are belied by communications in the Firm's possession.

Finally, Defendant responded to Plaintiff's Complaint by moving to disqualify Plaintiff's counsel. This is not a responsive pleading as contemplated by Rule 12 of the Federal Rules of Civil Procedure; as a result, Defendant is in default.

# STATEMENT OF FACTS

Payam employed Mr. Lahlou from 1996 until terminating him in 2016. Mr. Lahlou then retained The Harman Firm on July 28, 2016 to represent him against Payam. The Firm worked with Mr. Lahlou to prepare a Complaint against Payam bringing class and collective action claims under the Fair Labor Standards Act ("FLSA") and NYLL for failing to pay minimum wage, failing to pay overtime, and conducting an illegal tip pool, and individual claims under the NYLL and FLSA for retaliating against Mr. Lahlou for complaining of the above (the "Lahlou Action"). *See* Exhibit A, Lahlou Complaint. The Firm then filed the Complaint on November 10, 2016. Ex. A. Payam was represented by Fox Rothschild LLP in the Lahlou Action. At some point after the Lahlou Action was commenced, and while that action was ongoing, Defendant Payam rehired Mr. Lahlou. *Id.* Neither Payam nor Mr. Lahlou communicated this fact to Plaintiff's counsel. Mr. Lahlou then ceased to cooperate with Plaintiff's counsel, leading to the dismissal of the Lahlou Action without prejudice.

Mr. Abrams worked for Payam from May 2016 to November 2016. On or about December 7, 2016, Plaintiff Abrams retained the Firm to represent him against Payam.

The Firm worked with Mr. Abrams to prepare a Complaint against Payam bringing individual claims for failing to pay wages and earned commissions in violation of the NYLL, retaliating against Mr. Abrams in violation of the NYLL, and failing to provide Mr. Abrams with the requisite COBRA notices. *See* Exhibit B, Abrams Complaint. The Harman Firm then filed the Complaint on August 28, 2017, with Mr. Abrams's permission. Ex. B. None of Mr. Abrams's claims overlap with Mr. Lahlou's: Mr. Abrams does not have minimum wage, overtime, or tip-pool related claims; the facts of Mr. Abrams's retaliation claim do not involve

Mr. Lahlou; and Mr. Lahlou did not bring claims under COBRA or for breach of contract. Exs. A, B.

No attorney-client relationship exists between Plaintiff and Defendant, the current action is not materially adverse to Mr. Lahlou, and Plaintiff's counsel has not violated the New York Rules of Professional Conduct in any way. As a result, the Court must deny Defendant's motion.

## **LEGAL STANDARD**

### I. Motion to Disqualify

A motion to disqualify an attorney is committed to the discretion of the district court. *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994). "While New York law governs the professional conduct of attorneys in this state, '[t]he authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process.'" *Air Italy S.p.A. v. Aviation Techs., Inc.*, No. 10-CV-20 (JG)(JMA), 2011 U.S. Dist. LEXIS 2506, 2011 WL 96682 at *3 (E.D.N.Y. Jan. 11, 2011), (*quoting Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005)). Although state disciplinary rules may provide guidance, not every violation of a disciplinary rule will necessarily lead to disqualification. *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, *supra*, 409 F.3d at 132; *accord Solow v. Conseco, Inc.*, 06 Civ. 5988 (BSJ)(THK), 2007 U.S. Dist. LEXIS 40479, 2007 WL 1599151 at *3 (S.D.N.Y. June 4, 2007) (Katz, M.J.). "Disqualification is only warranted in the rare circumstance where an attorney's conduct 'poses a significant risk of trial taint."

In view of their potential for abuse as a tactical device, motions to disqualify opposing counsel are subject to particularly strict scrutiny. *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009), (citing *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989)). Courts are also reluctant to grant motions to disqualify because they inevitably result in delay and added

expense. *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983) (holding that disqualification motions "inevitably cause delay" (citation omitted)). As a result, "the Second Circuit requires a high standard of proof on the part of the party seeking to disqualify an opposing party's counsel in order to protect a client's right to freely choose counsel." *Kubin v. Miller*, 801 F. Supp. 1101, 1113 (S.D.N.Y. 1992), *citing Gov't of India v. Cook Indus.*, 569 F.2d 737, 739 (2d Cir. 1978); *accord Gurniak v. Emilsen*, 995 F. Supp. 2d 262, 269 (S.D.N.Y. 2014). Although doubts should be resolved in favor of disqualification, the party seeking disqualification must carry a heavy burden and must meet a high standard of proof before a lawyer is disqualified." *Clark v. Bank of New York*, 801 F. Supp. 1182, 1197 (S.D.N.Y. 1992)

## **ARGUMENT**

### I. Defendant Fails to Show That the Firm's Representation of Mr. Abrams Creates a Conflict of Interest.

Defendant argues that Plaintiff's counsel must be disqualified because there is a purported conflict of interest in Plaintiff's representation of Mr. Abrams against Payam. However, Defendant's argument is fundamentally flawed, as it cannot show, and Defendant makes no effort to show, that an attorney-client relationship existed between Payam and Plaintiff's counsel. As such, Payam's motion must be denied.

In federal court, to disqualify opposing counsel for a conflict of interest in order to protect the confidences of a former client, a movant must establish three elements: (1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client. *Gurniak v. Emilsen,* 995 F. Supp. 2d 262, 272 (S.D.N.Y. 2014);

4

*See Evans*, 715 F.2d at 791. Here, Payam – the moving party – cannot show that it was a former client of Plaintiff's counsel.

### A. Defendant presents no evidence to support the position that it was a former client of the Firm.

Defendant asserts that a prior attorney-client relationship exists between Payam and Plaintiff's counsel, but provides absolutely no evidence or authority for that assertion. Instead, it argues that because (i) Mr. Lahlou may be a witness and (ii) Plaintiff's counsel may seek to depose Mr. Lahlou, an attorney-client relationship exists between Payam and The Firm.

This argument is frivolous, as no facts or authority support it, and Defendant offers no reasonable interpretation of the Rule 1.9 to support its conclusion. Plaintiff has not noticed Mr. Lahlou's deposition, and, as stated above, the facts of Mr. Lahlou's employment are not germane to Plaintiff's claims. Plaintiff's counsel has no intention of deposing Mr. Lahlou with respect to Mr. Abrams's claims against Payam.[1]

### B. No attorney-client relationship exists between Payam and the Firm.

Plaintiff's counsel represented Mr. Lahlou in an action against Payam. Mr. Lahlou then returned to work for Payam as a maître d'. This does not create an attorney client relationship between Payam and Plaintiff's counsel, as shown below. Courts in the Second Circuit typically consider six factors when determining if an attorney-client relationship exists:

> i) whether a fee arrangement was entered into or a fee paid; ii) whether a written contract or retainer agreement exists indicating that the attorney accepted representation; iii) whether there was an informal relationship whereby the attorney performed legal services gratuitously; iv) whether the attorney actually represented the client in one aspect of the matter (e.g., a deposition); v) whether the attorney excluded the individual from some aspect of the litigation in order to protect another (or a) client's interest; and vi) whether the purported client believes

---

[1] Plaintiff's counsel does not waive its right to seek to depose Mr. Lahlou with respect to any motion for sanctions or additional causes of action which arise from the false declaration submitted by Payam and signed by Mr. Lahlou.

5

that the attorney was representing him and whether this belief was reasonable.

*First NBC Bank v. Murex, LLC*, 2017 U.S. Dist. LEXIS 64727, at *57 (S.D.N.Y. Apr. 28, 2017).

Payam meets none of these elements: Payam did not enter into a fee arrangement or pay a fee to Plaintiff's counsel; no written agreement exists between Payam and Plaintiff's counsel; no informal relationship exists between Payam and Plaintiff's counsel; Plaintiff's counsel did not represent Payam in any aspect of any matter; Plaintiff's counsel did not exclude Payam from any aspect of litigation; and Payam cannot have a reasonable belief that it was represented by Plaintiff's counsel. *First NBC Bank*, at *57.

Not only is Defendant's position nonsensical, it is belied by the New York Code of Professional Responsibility. Rule 1.13 makes clear that representation of an organizational entity does not entail representation of that entity's constituents. 22 N.Y.C.R.R. § 1200.0. The converse holds as well: representation of an employee does not create an attorney-client relationship between that employee's attorney and the employer. If it did, any action by an employee against a current employer would inherently create a conflict of interest.

## II. Defendant Fails to Establish that Plaintiff's Counsel Violated Any Rule of Professional Practice.

Payam seeks to disqualify the Firm for its purported violation of Rule 1.9. While the Firm vehemently denies any such violation, as noted above, state disciplinary rules merely provide general guidance on disqualification and not every violation of a disciplinary rule will necessarily lead to disqualification. *Hempstead Video, Inc.*, 409 F.3d at 132. Federal courts adjudicating questions involving the ethics of attorneys look to the local rules of professional conduct for guidance. *See, e.g., id*. at 133, *Pierce & Weiss, LLP v. Subrogation Partners LLC*, 701 F. Supp. 2d 245, 255-56 (E.D.N.Y. 2010).

Rule 1.9 prohibits a lawyer who has formerly represented a client in a matter may not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client. Defendant cannot show that the instant action is adverse to Mr. Lahlou.

### A. *This Action is not Materially Adverse to Mr. Lahlou*

Defendant's memorandum of law contains one paragraph addressing its position that Plaintiff's counsel violated Rule 1.9, based on the proposition that the instant action is "materially adverse" to Mr. Lahlou's interests. Thereafter, Defendant totally fails to address the issue of whether the instant action is materially adverse to Mr. Lahlou's interests.

To reiterate, Mr. Lahlou is an employee of Payam. Payam litters its memorandum of law with conclusory statements that Mr. Abrams and Mr. Lahlou "are on opposite sides" (Def. Mem. Law at 7), but provides no support or analysis whatsoever for that proposition. In reality, Mr. Lahlou is not a party to this action, nor is he an officer or partner who could be held liable for any judgment against Defendant in this action. An employee is not on the employer's "side" of every action brought against the employer. *See Satina v. N.Y.C. Human Res. Admin.*, 14 Civ. 3152 (PAC), 2015 U.S. Dist. LEXIS 148526, at *5 (S.D.N.Y. Nov. 2, 2015) (holding that a former manager was not tantamount to a defendant for the purposes of a motion to disqualify). Moreover, courts here use the same test to determine a Rule 1.9 violation as they do when assessing conflict of interest – a test that Payam fails. *See Olajide v. Palisades Collection,* LLC, 15-CV-7673 (JMF), 2016 U.S. Dist. LEXIS 48795, at *8 (S.D.N.Y. Apr. 12, 2016).

### B. *Defendant Cites to Superseded Case Law*

Defendant appears to argue that, separate from Rule 1.9, Plaintiff's counsel should be disqualified from this action for other violations of various Disciplinary Rules of the New York

Code of Professional Responsibility. None of these Disciplinary Rules are relevant, as they were superseded in 2009 when the New York State Judiciary adopted the Rules of Professional Conduct. *See Zappin v. Comfort,* 2015 NY Slip Op 51339(U), ¶ 4 n.3, 49 Misc. 3d 1201(A), 26 N.Y.S.3d 217 (Sup. Ct. 1st JD 2015). The Rules of Professional Conduct are the only applicable standard, and, as shown above, the Firm did not violate Rule 1.9.

### C. The Facts of the Lahlou Action Are Not Relevant to the Instant Action

Plaintiff's counsel has not relied on any confidential information provided to it by Mr. Lahlou in the commencement or litigation of this action or revealed such information to anyone in any way. None of the information provided to Plaintiff's counsel by Mr. Lahlou is relevant to Plaintiff's claims against Defendant. The specific information cited in Defendant's memorandum of law as purportedly shared with Plaintiff's counsel – "information regarding his job duties, accounting, sales in tip [sic], [and] copies of paychecks" (Def. Mem. Law at 7) – has no bearing on Mr. Abrams's claims, as it is not pertinent to the substance of Mr. Abrams's claims and did not relate to the period in which Mr. Abrams was employed by Payam.

Despite Defendant's attempt to portray this information as crucial to the instant action, Defendant concedes that Mr. Lahlou's employment with Payam overlapped with Mr. Abrams's employment with Payam for only a "few days." Def. Mem. Law at 5. Mr. Abrams's termination of Mr. Lahlou, again, transpired within days of Mr. Abrams's hire and after which Mr. Abrams worked for Payam for approximately six months. Mr. Lahlou's unsubstantiated, conclusory, and otherwise false statements in his declaration are insufficient to support Defendant's motion. *Colebrook, Bosson & Saunders, Inc. v. Satelozzi, Inc.,* 2011 NY Slip Op 50766(U), ¶ 7, 31 Misc. 3d 1221(A), 1221A, 930 N.Y.S.2d 174, 174 (Sup. Ct.). Even if the Firm did need to impeach Mr. Lahlou, case law is clear: it may be unseemly to treat a former client as a hostile witness, but

no tangible prejudice would result.  *Satina v. N.Y.C. Human Res. Admin.*, at *5.

## SANCTIONS UNDER 28 U.S.C. § 1927

28 U.S.C. § 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The purpose of the statute is "to deter unnecessary delays in litigation." H.R. Rep. No. 96-1234, at 8 (Conf. Rep.). Sanctions under Section 1927 are warranted "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay."

As noted above, motions to disqualify are disfavored by the court as they are often used as a tactical device. Given that Defendant totally fails to argue necessary elements of its motion, relies on superseded law, depends on falsehoods, and has improperly filed this motion in lieu of a responsive pleading, Plaintiff seeks sanctions against under 28 U.S.C. § 1927.

## CONCLUSION

Plaintiff's counsel respectfully submits that this court should deny Defendant's Motion and award costs, expenses, and fees under 28 U.S.C. 1927 or other appropriate provisions.

Dated: New York, New York
November 8, 2017

Respectfully submitted,

s/ Owen H. Laird
Walker G. Harman, Jr.
Owen H. Laird
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
212.425.2600
olaird@theharmanfirm.com
*Attorneys for Plaintiff*